UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYSHA ALI,<br><br>    Plaintiff,<br><br>    v.<br><br>SANOFI-AVENTIS U.S LLC, et al.,<br><br>    Defendants. | Case No. 3:23-cv-02694-JSC<br><br>**ORDER RE: DEFENDANT'S BILL OF COSTS**<br><br>Re: Dkt. No. 51 |

Pending before the Court is Defendants' Bill of Costs (Dkt. No. 51)[1] and Plaintiff's Objections to Defendant's Bill of Costs (Dkt. No. 52.) Defendants request $4,403.89. The Court DENIES Defendants' request for costs. Plaintiff has demonstrated sound reasons for denying Defendant's request for costs, and the Court exercises its discretion to do so.

**DISCUSSION**

Federal Rule of Civil Procedure 54(d)(1) provides "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. Proc. 54(d)(1). Rule 54(d)(1) creates "a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (quoting *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003)). "Rule 54(d)(1) also 'vests in the district court discretion to refuse to award costs.'" *Id.* (quoting *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014)). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not "an exhaustive list of 'good reasons' for declining to award costs," but rather a starting point for analysis." *Id.* (quoting *Escriba*, 743 F.3d at 1247–48). "[A] losing party need not demonstrate that all five factors weigh against imposing costs," in order for a request for costs to be denied. *Id.*

Plaintiff has demonstrated all five factors weigh in favor of denying Defendants' request for costs.  First, this case has public importance, as Plaintiff was asserting a pharmaceutical company defrauded many cancer patients, a claim that could have impacted many future individuals.  *See Escriba*, 743 F.3d at 1248 (concluding a "case presented issues of substantial public importance," even though it was brought by a single plaintiff rather than a class because the case had potentially "broader application" to others).  Second, this case presented complicated legal issues; Plaintiff's claim was not meritless or frivolous but was decided on statute-of-limitations grounds after briefing, analysis, and depositions.  *Id.* (finding a "case addresses an important legal question" because it "turn[ed] on the careful evaluation of witness testimony and circumstantial evidence.").  Third, finding against Plaintiff may chill further litigants like Plaintiffs.  *See id.* ("[E]ven modest costs can discourage potential plaintiffs who . . . earn low wages.").  Fourth, Plaintiff has shown she has limited financial resources, and the costs would post a substantial hardship to her: she makes "$78,000 annually," is "the sole financial provider" for her family, and does "not have enough money to pay Defendants' litigation costs."  (Dkt. No. 52-2 ¶¶ 2, 3, 5.)  Finally, there is extreme economic disparity between the parties:  Plaintiff has difficulty making her monthly payments for her housing, cars, and food; Defendants are a large pharmaceutical company with significant resources.

For all these reasons, the Court DENIES Defendants' request for costs.

**IT IS SO ORDERED.**

Dated: November 3, 2023

JACQUELINE SCOTT CORLEY
United States District Judge